UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 11-cv-03213-CBS

MINI MELTS USA, Inc.,
245 Asylum Street
Norwich, CT 06360
    Plaintiff and Crossclaim-Defendant,

MINI MELTS, Inc.,
245 Asylum Street
Norwich, CT 06360
    Plaintiff, Counterclaim-Defendant, and Crossclaim-Claimant,
v.

KENDALL WREN d/b/a Colorado Concessions, LLC,
1008 Lochmore Place
Ft. Collins, CO 80524
    Defendant and Counterclaim-Plaintiff.

ORDER

This civil action comes before the court on: (1) the Motion to Dismiss without Prejudice Claims One and Two of the Amended Complaint filed by Plaintiffs Mini Melts USA, Inc. ('MMUSA") and Mini Melts, Inc. ("MMI"); and (2) the Motion to Remand to State Court filed by Plaintiffs MMUSA and MMI.  On March 7, 2012, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2.  (See Doc. # 20).  The court has reviewed the Motions, the entire case file, and the applicable law and is sufficiently advised in the premises.

Plaintiffs argue that, after dismissal of Claims One and Two of the Amended Complaint, the court lacks supplemental jurisdiction over the remaining claims and counterclaims because they are all brought under state law.  The parties allege jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), and 1367(a).  See Amended Complaint (Doc. # 6); Amended Counterclaims

1

(Doc. # 34). The parties are also diverse. It is alleged that MMUSA is a corporation organized and existing under the laws of Pennsylvania with its principal place of business in Connecticut, MMI is a corporation organized and existing under the laws of Florida with its principal place of business in Connecticut, and Defendant is an individual residing in Colorado and conducting business through Colorado Concessions, LLC, a Limited Liability Company with its principal place of business in Colorado. (*See* Doc. # 6 at ¶¶ 1-3; Doc. # 34 at ¶¶ 1-3). "For the purposes of [§ 1332] . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Title 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). While Plaintiffs argue that "the amount complained of by Plaintiff is under $40,000," they do not mention the six pending Counterclaims. (*See* Doc. # 34). "In cases filed originally in federal court, aggregation of claims and counterclaims is often permitted. . . ." *Mountain Port, LLC v. Daley*, No. 09-cv-00916-JLK-LTM, 2009 WL 3254466, at * 3 (D. Colo. 2009). *See also Geoffrey E. MacPhearson, Ltd. V. Brinecell, Inc.*, 98 F.3d 1241 (10th Cir. 1996) (holding in dicta that damages sought by a Defendant in a mandatory counterclaim could be combined in aggregate with the damages sought by Plaintiff to provide a sufficient independent basis for federal jurisdiction, relying upon *Ronzio v. Denver & R.G. W.R. Co.*, (10th Cir. 1940) (holding that in determining the amount in controversy for the purpose of determining diversity jurisdiction, the court may look to the object sought to be accomplished by the complaint, and that the test for determining the "amount in controversy" is the pecuniary result to either party which the judgment would directly produce)).

Accordingly, IT IS ORDERED that:

1. The Motion to Dismiss without Prejudice Claims One and Two of the Amended Complaint (filed March 28, 2013) (Doc. # 67) is GRANTED. Claims One and Two of the Amended Complaint (Doc. # 6) are hereby dismissed without prejudice, with each party to bear his or its own costs and attorney fees related to these claims. Also dismissed without prejudice is Claim Eight for attorney fees to the extent it is based on Title 15 U.S.C. § 1117(a).

2. The parties' positions on the Motion to Remand to State Court (filed March 28, 2013) (Doc. # 68) shall be addressed at the Final Pretrial Conference set on Wednesday, April 3, 2013 at 8:30 a.m.

DATED at Denver, Colorado this 29th day of March, 2013.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge